PROB 12C
(7/93)

Report Date: November 24, 2010

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 24 2010

JAMES R. LARSEN, CLERK
_____DEPUTY
RICHLAND, WASHINGTON

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ramiro Villa          Case Number: 2:10CR06090-001

Address of Offender:

Name of Sentencing Judicial Officer: The Honorable Edward F. Shea, U.S. District Judge

Date of Original Sentence: 4/1/2010

Original Offense:     Bulk Cash Smuggling, 31 U.S.C. § 5616 & 5332

Original Sentence:    Probation - 36 Months          Type of Supervision: Probation

Asst. U.S. Attorney:  Unassigned                     Date Supervision Commenced: 4/1/2010

Defense Attorney:     Unassigned                     Date Supervision Expires: 3/31/2013

---

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 1**: The defendant shall not commit another Federal, state, or local crime.<br><br>**Supporting Evidence**: Ramiro Villa is considered in violation of his period of probation by committing the offenses of felony eluding and driving with no insurance on or prior to August 20, 2010.<br><br>According to reports submitted by Washington State Patrol, the defendant was viewed by a trooper driving a vehicle with no front license plate. When the trooper attempted to stop the defendant, he accelerated his vehicle and exited the interstate. The defendant then attempted to elude the trooper by accelerating and making several turns on various streets. The defendant then exited his vehicle and fled on foot, jumping several fences in an attempt to get away. When the defendant tripped while attempting to jump a fence, he fell to the ground and the trooper was able to make contact. The defendant was taken into custody and escorted to the patrol car. When asked why he ran, the defendant stated he did not have a license and thought he could get away. The defendant was charged with the offenses noted above and booked into the Franklin County Jail under case number 10-1-50298-9 and I06302362 |

On August 31, 2010, the defendant was found guilty of operating the vehicle without insurance under case number I06302362, and was ordered to pay $612.

On November 16, 2010, the defendant pled guilty to attempting to elude a police vehicle and was sentenced to 30 days confinement with 27 days to be completed on work crew.

On this date contact was made with the Department of Corrections to verify the defendant had contacted them about the work crew hours. This officer was advised the defendant had an appointment a week ago but he left a voice mail message noting he could not make his appointment and he would reschedule for a second appointment.

2   **Special Condition # 1**: You shall participate as instructed by the probation officer in a program of substance abuse treatment which may include testing for substance abuse. You shall contribute to the cost of treatment in an amount to be determined by the probation officer.

**Supporting Evidence**: Ramiro Villa is considered in violation of his period of probation in the Eastern District of Washington by failing to report for urinalysis testing on or prior to September 7, October 26, and November 1, 2010.

On each date listed above the defendant was scheduled to report for random urinalysis testing. The defendant failed to report on each date. The defendant also did not contact the provider or this officer to advise of any reason he could not report.

3   **Special Condition # 2**: You shall submit your person, property (including but not limited to computer, electronic devices, and storage media), residence, officer vehicle to a search conducted by a probation officer, at a reasonable time and in a reasonable manner.

**Supporting Evidence**: Ramiro Villa is considered in violation of his period of probation in the Eastern District of Washington by refusing a search of his person on or prior to September 8, 2010.

On September 8, 2010, this officer contacted the defendant about his missed urinalysis test on September 7, 2010. The defendant stated he simply did not call. He was directed to report to the probation office to complete a urinalysis test. The defendant arrived 7 hours later, just prior to the office closing. The defendant maneuvered himself into a position where it was difficult to observe the sample being provided. The defendant provided a minimal sample and passed it to this officer. It was immediately noted the defendant had a small metal wire inserted underneath a band-aid on his thumb which protruded past the end of his thumb. When I asked the defendant what it was, he initially pushed it back towards the palm of his hand with his index finger and stated it was a band-aid. I specifically noted the metal wire and he said he did not know what it was and had no idea how it got there. At the same time it was noted the urine sample he had provided was cold to the touch. The defendant was advised I had reason to believe he had provided a urine sample from some type of bag which he had poked a hole in by using the metal wire. The defendant was advised he was going to be directed to lower his pants to verify if he had some type of container. The defendant stated he would not comply. I asked the defendant to follow me and requested the assistance of a second officer. I informed the defendant I was requesting

he lower his pants to verify if there was any type of container. The defendant refused. He was advised the sample which he provided would not be accepted and he could leave the building.

4   **Standard Condition # 3**: You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first 5 days of each month.

**Supporting Evidence**: Ramiro Villa is considered in violation of his period of probation in the Eastern District of Washington by failing to report as directed to complete his monthly report for the months of October and November.

On April 21, 2010, the defendant signed conditions which notified him he is to report the first Wednesday of each month to complete his monthly report for the Court. On October 6, 2010, and November 3, 2010, the defendant failed to report. The defendant failed to contact this officer to advise why he might miss the appointment.

5   **Standard Condition # 3**: You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

**Supporting Evidence**: Ramiro Villa is considered in violation of his period of probation in the Eastern District of Washington by failing to report as directed on or prior to November 5, 2010, and November 8, 2010.

After the defendant failed to report for his urinalysis screening on November 1, 2010, this officer left a voice mail message and mailed a letter for the defendant to report to my office on November 5, 2010. The defendant failed to report at the designated time and an additional phone call was made to the defendant's home number. The defendant's mother was contacted and she stated he was out. This officer asked her to let the defendant know he needed to report to my office on November 8, 2010, at 8:00 a.m. She agreed to let him know.

On November 8, 2010, the defendant failed to report at the designated time. This officer attempted to contact the defendant at his residence to resolve the issues. The defendant was not at the home when contact was made, but the defendant's mother stated he had left at 9:00 a.m. stating he was going to report to the probation office. The defendant never reported. Statements were also made by the defendant's mother that he is leaving and returning to the residence when he wants and she was not sure if he was still in school or employed.

6   **Special Condition # 3**: You shall participate in a Home Confinement Program with electronic monitoring under the sanction of detention for a period of up to 120 days. You shall contribute to the cost of electronic monitoring in an amount to be determined by the probation officer. The length of time for the electronic monitoring is at the discretion of your probation officer.

Case 2:10-cr-06090-EFS Document 17 Filed 11/24/10

Prob12C
Re: Villa, Ramiro
November 24, 2010
Page 4

**Supporting Evidence**: Ramiro Villa is considered in violation of his period of probation in the Eastern District of Washington by failing to make payments towards his period of electronic monitoring as directed.

The defendant completed his 120 days of electronic monitoring on August 27, 2010. During this period he incurred a $699.25 bill towards electronic monitoring. To date, the defendant has failed to make a payment.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 11/24/2010

s/David L. McCary

David L. McCary
U.S. Probation Officer

---

THE COURT ORDERS

[ ] No Action
[X] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] Other

Edward F. Shea
Signature of Judicial Officer

November 24, 2010
Date